UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. 5: 16-085-DCR |
| ) | and |
| V. ) | Civil Action No. 5: 23-244-DCR |
| ) | |
| WESLEY SCOTT HAMM, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

A jury found Defendant/Movant Wesley Scott Hamm guilty of conspiracy to distribute carfentanil, fentanyl, and heroin (Count 1); distribution of carfentanil that resulted in death (Count 2); and distribution of carfentanil that resulted in serious bodily injury (Count 3).[1] [Record No. 127] An Amended Judgment was entered on November 30, 2021, sentencing Hamm to a total term of 480 months of incarceration.[2] [Record No. 281]

**I.**

Hamm filed the instant motion to vacate his sentence, pursuant to 28 U.S.C. § 2255 on August 22, 2023. [Record No. 314] He raises the following grounds for relief: (1) ineffective

---

[1] A Third Superseding Indictment was filed May 4, 2017. [Record No. 86] A jury found Hamm guilty of the underlying offenses on July 13, 2017. [Record No. 127] Following a second trial which concluded on August 19, 2021, a jury found that Hamm was part of the distribution chain of carfentanil that led to Lonnie Kevin Willougby's death, thus rendering him eligible for a sentencing enhancement. [*See* Record No. 266.]

[2] Hamm was sentenced to 240 months' imprisonment on each of Counts 1 and 3, to run concurrently with each other, and 360 months' imprisonment on Count 2. Of the term imposed for Count 2, 240 months' imprisonment was ordered to run consecutively to the term imposed for Counts 1 and 3, and 120-months' imprisonment was ordered to run concurrently with the term imposed on Count 2 for a total term of 480 months. [Record No. 281]

assistance of counsel, (2) a Fourth Amendment violation; (3) evidentiary issues, (4) receiving an unfair sentence, (5) defects with the jury instructions during his second trial, and (6) issues with his plea negotiations.[3] [*See* Record No. 314.] The United States opposes Hamm's motion. [Record No. 319]

Consistent with local practice, Hamm's motion was referred to a United States Magistrate Judge for review and issuance of a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). United States Magistrate Judge Candace J. Smith issued her R&R on April 30, 2024, recommending that Hamm's motion to vacate be denied. [Record No. 325] The R&R advised Hamm that he had 14 days to file "specific written objections to any or all findings or recommendations," which would then be subject to *de novo* review by the undersigned. [*Id.* at 55] Hamm was cautioned that "[f]ailure to make a timely objection consistent with the statute and rule may, and normally will, result in a waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals." [*Id.*]

While this Court must make a *de novo* determination of those portions of the R&R to which an objection is made pursuant to 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In this case, Hamm has not filed any objections.

---

[3] As Magistrate Judge Smith notes in her R&R, Hamm articulates eight separate grounds for relief in his motion. Due to the considerable overlap between some of the issues raised, Magistrate Judge Smith determined, and the undersigned agrees, that some issues can be analyzed together. As such, both the R&R and this Memorandum Opinion and Order refer to six distinct grounds for relief. [*See* Record No. 35, n.5.]

II.

The factual and procedural history of this case is thoroughly and accurately captured in Part I of the R&R so there is no need to repeat it here. Moreover, the undersigned agrees with and adopts the R&R in its entirety. Nevertheless, the undersigned has conducted a *de novo* review and will address below the grounds of relief presented by Hamm and explain why each fails.

A.

Hamm first asserts ineffective assistance of counsel, requiring him to demonstrate "counsel's performance was both constitutionally deficient and prejudicial." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

1.

Hamm alleges that, despite entering a not guilty plea, his court-appointed counsel, Jeffrey Darling, conceded his guilt at both trials. [Record Nos. 314, p. 5; 321, p. 1] This conflicts with the Sixth Amendment's guarantee of counsel, which recognizes that the ultimate decision to admit guilt or maintain innocence belongs to the defendant alone. *See McCoy v. Louisiana*, 584 U.S. 414, 417 (2018). Where counsel violates this right, it constitutes structural error and relieves a petitioner of the need to demonstrate prejudice under *Strickland*. *Id.* at 428.

Magistrate Judge Smith notes that this argument fails with respect to the second trial. After Hamm's first appeal, the United States Court of Appeals for the Sixth Circuit affirmed Hamm's convictions on all counts and remanded the matter for a new trial "solely on the question of whether to apply § 841(b)(1)(C)'s sentencing enhancement on the distribution

counts." [Record No. 197, p. 3] Because Darling was barred from relitigating the underlying convictions at the second trial, acknowledging Hamm's guilt was proper if not necessary.

If Darling had indeed conceded Hamm's guilt during the first trial, Hamm may have a persuasive argument, but that is not what happened. Hamm argues that his position "was that [he] did not distribute <u>any</u> controlled substances." [Record No. 321, p. 2] In light of the overwhelming evidence to the contrary, it would have been entirely unreasonable for Darling to take that approach.

Darling's closing argument and overall trial strategy was objectively reasonable and ***did not*** concede any of the charges or elements of those charges. *See McCoy*, 584 U.S. at 422 ("Trial management is the lawyer's province: Counsel provides his or her assistance by making decisions such as 'what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence.'" *Gonzalez v. United States,* 553 U.S. 242, 248 (2008)). While Darling made comments that arguably acknowledged Hamm's prior possession of controlled substances, this approach was reasonable under the circumstances. Darling unequivocally maintained that the drugs at issue in the case could not be attributed to Hamm.

Absent a violation of *McCoy* (and assuming deficient performance had otherwise been demonstrated), Hamm must also demonstrate that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Given the overwhelming evidence against him, Hamm has failed to meet his burden.

**2.**

Hamm next claims that Darling filed the second appeal without his knowledge and that there were "many things that [he] needed to discuss before [his] brief was filed." [Record No. 314, p. 3] The undersigned agrees that this argument fails for the three reasons cited in the R&R. First, Hamm's bare assertions and contradicted timeline of events fail to support his claim that he was unaware of his appeal or that Darling did not consult with him. Even if that were incorrect, Hamm does not suggest that he wished to exercise his right not to appeal, only that he felt his insight was necessary prior to doing the action being taken. He supports this by noting that he was responsible for *United States v. Swiney* being cited in his first appeal, and that his "research lost on [the] premature filing could've certainly been a remarkable variable if it were included." [Record No. 314-2, p. 3] But the argument falls short to the extent that he wished to assist in devising legal strategy. Deciding which arguments to raise on appeal falls within the discretion and expertise of his attorney. *See Smith v. Robbins*, 528 U.S. 259, 288 (2000) ("In *Jones v. Barnes*, we held that appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.").

Second, Hamm has failed to demonstrate that any alleged failure on Darling's part was constitutionally deficient. Hamm has not identified the arguments he claims Darling should have raised, nor does he identify the "many things that [he] needed to discuss" with Darling or how they would have impacted the outcome of his appeal. By failing to identify how Darling's action was deficient and how it allegedly prejudiced the outcome of the case, Hamm has not met his burden. *See Thomas v. United States*, 849 F.3d 669, 679 (6th Cir. 2017).

Third, by failing to demonstrate a specific deficiency Hamm necessarily fails to demonstrate a reasonable probability that that the outcome of his second appeal would have been different had Darling consulted with Hamm regarding research or legal strategy.

For these reasons, the undersigned agrees that Hamm is not entitled to relief due to ineffective assistance of counsel.

**B.**

Hamm's second assertion is that his Fourth Amendment rights were violated when police officers forcibly entered his "dwelling" without a warrant to conduct a "welfare check." [Record No. 314, p. 6] As a result of the alleged unlawful entry, he believes the evidence obtained that night should be inadmissible. But by not raising this issue on direct appeal, the argument was procedurally defaulted.[4] *See Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) ("Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process.").

Although there is a narrow exception to this rule, Hamm would have to demonstrate "cause and prejudice" to excuse his failure to raise the claims previously. *See Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). And while ineffective assistance of counsel can constitute the requisite showing of "cause," Hamm's unsupported conclusory assertion that the failure to raise the claim was due to ineffective assistance of counsel is insufficient. *Wallace v. United States*, 43 F.4th 595, 602 (6th Cir. 2022); s*ee Elzy v. United States*, 205 F.3d 882 (6th Cir. 2000).

---

[4] The R&R sufficiently dispenses with that argument to the extent that Hamm intends this as a separate ineffective assistance of counsel claim. [*See* Record No. 325, Section II.B.2.b.]

**C.**

Hamm claims in his third ground for relief that the prosecution presented three separate packages of drugs that were obtained in controlled buys "against someone who wasn't even at trial." [Record No. 314-2] He indicates that the buys took place before the Third Superseding Indictment alleges the conspiracy charged had started and believes this improperly induced the jury to believe the drugs were associated with him.

But again, this issue was procedurally defaulted by not raising it on direct appeal. Moreover, Hamm has offered no suggestion regarding how ineffective assistance of counsel is to blame for this alleged failure. Counsel for Hamm's first appeal, Michael Losavio, was not unaware of the significance of these drugs. In fact, the challenge to the Government's closing arguments was directly related to these drugs and the Government's failure to provide evidence connecting them to the DEA testing. As such, there's no reason to believe the decision not to pursue this challenge on direct appeal was anything other than a calculated and strategic decision by experienced counsel. Absent any evidence to the contrary, the Court's "highly deferential" review of counsel's performance fails to unearth evidence of inadequate representation. *See Strickland*, 466 U.S. at 689.

**D.**

Hamm raises several alleged sentencing errors in his fourth ground for relief. [*See* Record No. 314.] As indicated in the R&R, Hamm's challenge to the Court's sentence, which fell within the advisory Sentencing Guidelines range, is not cognizable on collateral review.

Furthermore, this argument is procedurally defaulted because Hamm failed to raise these concerns on direct appeal and has provided no basis to excuse this failure.[5]

**E.**

Next, Hamm argues that the jury received improper instructions during his second trial. [*See* Record No. 314, p. 10.] He alleges that the jury was advised that he "was already guilty of the charge they were deciding." [*Id.*] But this simply is incorrect.

The Statement of the Case made clear that "the jury will be asked to determine whether one or both of the defendants were in the chain of distribution to [the decedent]." [Record No. 302, p. 11] The undersigned's Preliminary Statement included a reading of Count 2 of the Third Superseding Indictment, which was referred to as the "*original* charge." [Record No. 303, p. 2] In so reading, it was noted that the charge was "alleged," and not necessarily in accordance with the findings of the previous trial. [*Id.*] The jury's role was made very clear to them: "I want to emphasize that the defendants are only on trial for the particular sentencing enhancement charged in the indictment. Your job is limited to deciding whether the government has proved the sentencing enhancement." [*Id.* at 10] A similar statement was made giving Jury Instruction No. 13. [*See id.* at 11–12.]

Jury Instruction No. 25 provided Judicial Notice of the fact that Hamm had been convicted of three federal crimes. [*Id.* at 17–18] When advising the jury as to Count 2, the undersigned merely noted a conviction for "[d]istribution of carfentanil on or about August

---

[5] The R&R also discusses, in full, the merits of this argument. As the undersigned adopts those findings and conclusions, they need not be readdressed herein. [*See* Record No. 325, Section II.B.4.c.]

24, 2016, in Montgomery County, Kentucky." [*Id.* at 17] The Judicial Notice omitted reference to the sentencing enhancement at issue.

Hamm challenged Jury Instruction No. 13 on direct appeal but the Sixth Circuit found it to be proper. He is precluded from relitigating the argument in a § 2255 motion to the extent he seeks to challenge that instruction now. By failing to raise other potential issues on direct appeal, they are waived for purposes of collateral review. His allegation that his failure to raise them on appeal is due to ineffective assistance of counsel is properly dispensed with in the R&R. [*See* Record No. 325, Section II.B.5.a.]

### F.

Finally, Hamm challenges the way plea negotiations were handled prior to trial, arguing he was "forced into a trial," [Record No. 314, p. 11] and "was never given an opportunity to take a legitimate plea," [Record No. 314-2, p. 6]. Hamm places blame for this on both the prosecution and his attorney. But there is no constitutional right to a plea deal. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). When the United States chooses to offer one, it can be conditioned on the defendant's cooperation. Hamm's disagreement with that reality is not a matter for the Court to take up. And as for alleged ineffective assistance of counsel, Hamm has not identified any conduct which he deems deficient. This claimed basis for relief is without merit.

### III.

Finally, the Court declines to issue a Certificate of Appealability. *See* Rule 11 of the Rules Governing § 2255 Proceedings; 28 U.S.C. § 2253(c)(1)(B). A Certificate of Appealability may be issued only when the defendant makes "a substantial showing of the

denial of a constitutional right." § 2253(c)(2). To satisfy that burden, Hamm is required to show that reasonable jurists could debate whether the motion should have been resolved differently or that the issues involved "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not debate the conclusions reached herein. The majority of Hamm's arguments regarding counsel's performance are nothing more than conclusory allegations that counsel should have performed differently. Without more specific allegations or a showing of how the defendant was prejudiced by counsel's performance, these claims cannot proceed. The remaining claims were either procedurally defaulted or constitute an attempt to relitigate matters previously resolved.

**IV.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of the United States Magistrate Judge [Record No. 325] is **ADOPTED** and **INCORPORATED** here by reference.

2. The defendant/movant's motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255 [Record No. 314] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

3. A Certificate of Appealability will not issue.

Dated: June 28, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky